BENJAMIN CANNON *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Indictment. Different offenses. Harmless error.*

Independent and different offenses should not be charged in the same indictment. But if so joined, the counts resting on one transaction, a conviction will not be reversed because of the overruling of a demurrer to the indictment by the trial court, if the appellant was not actually prejudiced thereby.

2. SAME. *Motion to require prosecutor to elect. When too late.*

A motion to require the prosecutor to elect upon which of several counts improperly joined in an indictment he will proceed, comes too late if made after all the evidence has been introduced.

3. SAME. *Continuance. Due diligence.*

The denial of a motion for a continuance for the term on the ground of the absence of witnesses, will not be cause for reversal of a conviction if the appellant made no effort to procure the presence of his witnesses during the trial, and the record shows no reason why he might not have secured them by process of the court after the application was disallowed.

4. SAME. *General verdict.*

If an indictment contain more than one count, one being good and the others bad, a general verdict of guilty will be referred to the good count, especially if the state's evidence was directed to the good one.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The indictment in this case, after the formal introduction, was in these words: ''That Benjamin Cannon, in said county, on the fourth day of February, A.D. 1895, in and upon one Henry Moss there being, an assault did then and there make with a certain deadly weapon, to wit: a Winchester rifle, and him, the said Henry Moss, did then and there shoot and wound with said rifle, with the intent him, the said Henry Moss, then and there wilfully, feloniously and of his malice aforethought to kill and murder, against the peace and dignity of the state of Mississippi; and the jurors aforesaid, upon their oaths aforesaid, do further present that, at the time and place and in the county aforesaid, the said Benjamin Cannon, in and upon one Willis Thompson, Jete Pilcher, Annie Pilcher and others to grand jury unknown, an assault did then and there make with a certain deadly weapon, to wit: a Winchester rifle, and at them did then and there shoot with said rifle, with the intent them, the said Willis Thompson, Jete Pilcher, Annie Pilcher and others to grand jury unknown, then and there wilfully, feloniously and of malice aforethought to kill and murder, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Mississippi.''

*S. R. Coleman,* for appellant.

The demurrer to the indictment called the attention of the court to that '' bad practice,'' which is condemned by this court in *Hill* v. *State,* 72 Miss., 527. The indictment in this cause is more obnoxious to the objection than the one passed upon in that case. Appellant is charged in the first count with shooting at Henry Moss, with intent, etc., and in the second count with shooting at three other persons named, and others, etc. Two distinct offenses against different parties. If the court desires to break up the bad practice, violative of constitutional rights and the rules of pleading, there can be presented no better case or time to accentuate its intention than now, by

reversing the judgment of the lower court on this ground alone. The court below erred in overruling appellant's motion for a continuance; and it surely should have required the state to elect upon which of the counts in the indictment it would proceed.

*Wiley N. Nash,* attorney-general, for appellee.

The first count in the indictment is beyond question good, and so is also the second, but if one good count can be found in an indictment, and there is a general verdict (as in this case), the verdict will be referred to the good count, and will be, in law, allowed, and stand on the good count. There was no error in the court's going ahead with the trial of this case. There was no application for compulsory process. There was no evidence to show that witnesses could not have been gotten during the trial.

WOODS, C. J., delivered the opinion of the court.

The indictment charges two distinct offenses, but the two counts evidently rest upon one transaction. While the counts are for independent offenses, the offenses do not differ in character or degree, the punishment for each being the same. While it is bad practice to charge different and independent offenses in one indictment, yet we cannot reverse on that account in this case, for the reason that now, looking back through a completed trial, we can see that the appellant was not actually prejudiced by the action of the court in overruling the demurrer to the indictment.

The motion of the accused to compel the state to elect upon which count it would proceed came too late, as it was made after plea, and after all the evidence had been put in. If the motion had been made in good time, we must suppose the court below would have required the state to elect. The motion for a continuance was not erroneously denied. The application cannot be said to have shown proper diligence on defendant's

part in endeavoring to secure the attendance of his witnesses. But, in addition, it must be observed that the defendant did not ask compulsory process to constrain the appearance of the witnesses who had been subpœnaed and who failed to appear, nor pray a postponement of the hearing until such compulsory process could be executed and the defaulting witnesses produced. It is a motion simply and purely for a continuance of the case until a subsequent term, and was properly overruled.

There was no error committed by the court in refusing to set aside the verdict because it was a general one of guilty. If one of the counts had been bad (but, in fact, both were good), this general verdict would be referred to the count which was good—and this count, confessedly good, was the one to which the state's evidence was directed, and was, undoubtedly, the one on which the verdict was based.

We see no reversible error, and the judgment is therefore

*Affirmed.*