FRANK ELDRIDGE *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Forgery. Evidence.*

   A conviction of forgery is unauthorized when there is no proof that the writings offered in evidence were uttered by the accused.

2. SAME. *Possession of forged writings. Evidence. Code* 1892, § 1109.

   Under § 1109, code 1892, making it a felony to have in one's possession any forged writing obligatory, with knowledge of its character and the intention to fraudulently utter the same, a conviction is unauthorized, in the absence of evidence identifying the writing set out in the indictment with the one found in defendant's possession.

3. SAME. *Evidence.*

   The testimony of a witness that a certain paper exhibited to him, but in no way identified by the record as either of the writings alleged to have been forged, is "the order," without further identification of the order referred to, will not warrant any assumption by the appellate court, as to the identity of the order, that may be prejudicial to the accused.

FROM the circuit court of Lee county.

HON. E. O. SYKES, Judge.

Eldridge was convicted of forgery on an indictment containing two counts. The first count charges him with forging, with intent to defraud one F. Elliott, an order of the following tenor and effect:

"July 21, 1898.

"MR. F. ELLIOTT: You will please let bearer have the sum of $7 and forty cents in money. I ever he wants, and charge to me. Yours truly, ⁓                    HUSSEY."

The second count charges that he had in his possession, with intent to utter as true, a forged order of the following tenor and effect:

"July 21, 1898.

"MR. F. ELLIOTT: You will please let bearer have the sum of $7 and 40 cents in money. I ever he wants, and charge to me. Yours truly,                                        HUSSEY."

On the trial, two orders in writing were offered in evidence by the state, one of which was exactly like that set out in the first count, being also signed "Hussey." The other was signed "T. A." Elliott and his clerk, McAlister, testified that the order passed on Elliott was signed "C. C. Hussey," and did not contain the word money. The officer who arrested the defendant, while testifying, stated that he found two orders on defendant's person at the time, and being shown an unidentified paper, and called on to state what it was, replied: "That is the order." There was no other evidence even tending to identify the order signed "Hussey" as the one found on defendant's person.

Defendant moved to exclude all the evidence of the state, because the orders read in evidence were not the orders set out in the indictment, which motion was overruled; and his motion for new trial having been overruled, he prosecuted this appeal from the judgment of conviction.

*W. L. Clayton*, for the appellant.

*Wiley N. Nash*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

It is clear that no conviction could have been had in this case, on the testimony in the record, under the first count. Neither of the orders offered in evidence was the one passed on Elliott. Can the conviction be sustained on the proof here, under the second count? That count charges that appellant, having in his possession, etc., with the intent to utter and publish the same as true, and with the intent to defraud the

said Elliott, etc. Doubtless the proof of the specific intent here charged may be "inferred from the circumstances of the possession," as stated in 2 McLain's Crim. Law, § 786, and in *People* v. *Ah Sam*, 47 California, 656, coupled with the fact that the order is drawn on Elliott.

But there is absolutely no identification in the proof of the order signed "Hussey," as being the one found in the possession of the defendant. The testimony of Elliott and McAllister relate alone to the order passed signed C. C. Hussey, without the word money in it, and on which McAllister had written "Paid to Henry Tackert." Neither one of these witnesses knew what order was found on defendant's person.

The witness Keys never identified the order found on defendant's person. Two orders were in evidence. He was asked, "Look at that paper and see what it is," and answered, "That is the order." What paper? What order? Which one of the two? How can this court tell from such a transcript which one of the two orders was meant?

It was very easy to have had the witness identify the order found on defendant's person, as the one signed "Hussey," in such a way as would make the record show the identity. Unless we are to assume, without proof in the record, that the order signed "Hussey" was the one found in defendant's possession, we cannot affirm this judgment.

*Judgment reversed, verdict set aside and cause remanded.*