Statement of the case.

JAMES A. BURGES *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Indictment. Different offenses. Election.*

Where an indictment in one count charged defendant with making counterfeit coin, and in another·with uttering such coin, a motion by defendant to require the state to elect upon which count it would proceed, if made before the introduction of any testimony, should be sustained.

2. SAME. *Refusal to compel election. When not reversible error.*

The failure to sustain such a motion, although bad practice in all cases where distinct felonies are charged in distinct counts of an indictment, will not be reversible error where, looking back through the whole case, no prejudice resulting to the defendant appears.

3. SAME. *Making counterfeit coin. Uttering. Evidence. Code* 1892, §§ 1098, 1111.

Making counterfeit coin and uttering counterfeit coin are two distinct offenses, and on the trial of a charge of making such coin, testimony to show the possession by defendant of suitable tools with which to make it is admissible, but is inadmissible on a charge of uttering it.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Burges, appellant, was indicted, tried and convicted in the court below of uttering counterfeit coin, and appealed therefrom to the supreme court.

The indictment contained two counts. The first count charged appellant with making counterfeit coin. The second count charged him with uttering counterfeit coin. After the jury had been empaneled, the defendant moved the court to require the state to elect on which count of the indictment it would proceed. This motion was overruled. The evidence was then all introduced, both for the state and for the defense, and it

tended to prove the crime charged in both counts in the indictment. The state then, the evidence having all been heard, elected to try appellant on the count charging him with uttering counterfeit coin.

*H. J. Wilson*, for appellant.

There are two counts in the indictment in this case. The first charges the defendant with making a counterfeit coin; the second with passing a counterfeit coin. Under the first count it was admissible to show the possession of tools or instruments used in counterfeiting, or that could be used in making or altering coin, but this evidence would have been inadmissible on the second count. The possession of an electroplating machine and the fact that defendant had been engaged for some weeks in plating jewelry, were admissible on the charge of making the coin, but irrelevant and inadmissible on the charge of passing the coin, and on the second count could operate only in prejudicing the minds of the jury against the defendant. It was unjust to the defendant to allow the state to introduce all testimony that was admissible on both counts before requiring the state to elect upon which of the counts it would proceed.

*William Williams*, assistant attorney-general, for appellee.

The refusal of the trial court to require the state to elect upon which of two or more counts in an indictment it will proceed will not ordinarily be ground for reversal, this being a matter resting within the sound discretion of the court. *Hemingway* v. *State*, 68 Miss., 371; *Teat* v. *State*, 53 *Ib.*, 439; *Cannon* v. *State*, 75 *Ib.*, 364; *Gates* v. *State*, 71 Miss., 874; 1 Bishop New Crim. Proc., sec. 454, *et seq.; George* v. *State*, 39 Miss., 570.

It is respectfully submitted that in no case will a reversal be ordered unless it appears that the appellant was prejudiced by the action of the trial court. The testimony complained of in the case at bar was competent on the trial of either count in the

indictment, and on the trial of the elected count for the purpose of showing that accused knew the coin was counterfeit. The fact that this testimony would tend to prove another crime ought not to be complained of by him.

WHITFIELD, C. J., delivered the opinion of the court.

Looking backward through the whole case, we are constrained to hold the court erred in not compelling the district attorney to. elect on which count he would proceed, before any evidence was introduced for the state. If, looking back, we could see no prejudice resulting to the defendant, we would not reverse, although it is bad practice not to compel election where distinct felonies are charged in two distinct counts of the indictment. Woods, C. J., speaking for the court in *Cannon* v. *State*, 75 Miss., 364 (22 South., 827), sets out that doctrine. In that case the motion was held to have been made too late, because not made until all the evidence had been introduced, but the court observed, "If the motion had been made in good time, we must suppose the court below would have required the state to elect." This, too, was in a case where the indictment charged "two distinct offenses, growing out of the same transaction." In *Hill* v. *State*, 72 Miss., 527 (17 South., 375), the same learned judge observed: "We beg to utter a word of advice and warning, made proper by the protracted and anxious consideration of the question raised by the demurrer to the indictment. If it be supposed that the two counts in the indictment charge distinct offenses of the same general character, and committed at different times, then such joinder of two offenses has been characterized as bad practice. In the case of *Teat* v. *State*, 53 Miss., 439; 24 Am. Rep. 708, and in *Strawhern* v. *State*, 37 Miss., 422, it was said : 'The practice of joining distinct felonies in the same indictment is not to be commended.' In fairness to one accused of crime, he should not be put to trial on one indictment for more than one offense, and two or more counts in

the same indictment should be employed only for the purpose of charging one transaction in varying forms, to meet the possible developments of the evidence on trial.    In the case before us, if the second count had never been inserted in the indictment, or if the learned court had sustained the demurrer to this count, and stricken it out, the very trial which actually took place, in every step of its progress, would have been had on the first count, for no reference to the second count's charge was ever made by any one on either side after the demurrer had been overruled.    Why, then, it was not stricken out, it is impossible for us to conceive.    No possible harm could have come to the state's case by so doing, and all question of fairness to the accused would have been avoided thereby.    The fair way is the safe way, and the safe way is the best way, in every criminal prosecution.    The history of criminal jurisprudence and practice demonstrates generally that if every one prosecuted for crime were fairly and fully conceded all to which he is entitled, and if all doubtful advantages to the state were declined, and if adventurous forays into dangerous and unknown fields were shunned, and if the beaten paths were heedfully followed, there would be secured as many convictions of the guilty, and such convictions would be succeeded by few or no reversals.''    We reaffirm this wise announcement of the law.    The propriety of the observations of Judge Woods is strikingly shown in this case.    Here testimony was allowed to go before the jury showing that the appellant had in his possession the tools and machinery necessary for plating silverware and jewelry.    The object of this proof, of course, was to show that he had the apparatus with which to make the counterfeit coin.    The making of counterfeit coin and the uttering of it are two entirely distinct offenses.    This testimony would have been entirely competent on the charge of making counterfeit coin, but it was just as clearly incompetent on the charge of uttering counterfeit coin already made.    One may utter counterfeit coin who never made any counterfeit

coin, and yet, in the case in hand, proof not competent on the charge of uttering coin was allowed to get to the jury, and remain before the jury throughout the trial, although at the conclusion of the evidence for the state the district attorney elected to proceed on the count charging the uttering only. It seems to us that this testimony may very well have prejudiced the defendant's case before the jury materially.

*Reversed and remanded.*