COGSDELL *v.* STATE.

(Division B.   Dec. 12, 1938.)

[185 So. 206.   No. 33414.]

Harry K. Murray, of Vicksburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**Griffith, J.,** delivered the opinion of the court.

Appellant was charged in an indictment with the alleged crime of uttering and publishing as true a forged check, knowing the instrument to be forged. There is no proof whatever in the record in support of that charge. The proof, at most, is that he was found in possession of a check upon which an indorsement had been forged. There is no charge of forgery, which, under our statutes, is a separate and distinct offense, even if the proof tend'ed to establish the guilt of the forgery. There is, therefore, nothing before us upon which the conviction can be sustained, under the present record.

Appellant conducted his own defense without the aid of counsel; he requested no instructions, and' made no motion for a directed verdict or for a new trial, on the

ground that there was no evidence to support the charge, and the only charge, made in the indictment; and the point is now presented whether in the absence of such requests or motions, or any of them, this Court may review the judgment. As foreshadowed in Clark v. State, 100 Miss. 751, 57 So. 209, 38 L. R. A. (N. S.) 187, Ann. Cas. 1914A, 463, we hold that when the evidence wholly fails, when there is an entire absence of any evidence, to convict the accused of the crime charged in the indictment, the point may be raised for the first time on appeal. Such a case is in the same attitude, in practical effect, as had the state simply introduced the indictment and thereupon had rested without the introduction of any evidence whatever. This would be the equivalent of taking a judgment by default on the merits, which in felony cases is fundamentally erroneous, whatever may be the guise of the attempt so to do.

Reversed and remanded.