## OSBY *v.* STATE

No. 40327          January 7, 1957          91 So. 2d 748

*Mitchell & Simmerman,* Pascagoula, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

Roberds, P. J.

Appellant was indicted for, and convicted of, the crime of uttering and publishing a forged check, knowing it to be forged. He says he was not guilty of any crime, but, if so, it was that of forgery or obtaining money under false pretenses.

Section 2179, Miss. Code of 1942, defining the crime of uttering a false instrument, reads: ''Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument or any counterfeit gold or silver coin, the forgery, altering or counterfeiting of which is hereinbefore declared to be an offense, knowing such in-

strument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.''

The testimony in this record, which the jury had the right to believe, discloses that appellant wrongfully obtained possession of a check issued by the Welfare Department of the State of Mississippi, payable to the order of Eddie Morris, for the sum of $30.00; that appellant took this check to the place of business of the Great A. & P. Tea Company in Pascagoula, Mississippi, and, after forging on the back of said check the name of Eddie Morris, the payee, exhibited the same to the Tea Company, representing it as a genuine instrument, and obtained from the Tea Company the sum of $30.00.

■■ ■ A mere recital of the facts, as applied to the statute, demonstrates that appellant was guilty of the crime charged. The fact that he also, before cashing the check, forged the name of the payee therein, renders him no less guilty of uttering than if some one else had forged the endorsement, and appellant, knowing that fact, had negotiated and obtained the money thereon. Such endorsement, by him or another, would render the check a false and forged instrument. Cogsdell v. State, 183 Miss. 826, 185 So. 206, cited and relied upon by appellant does not hold contrary to that. Cogsdell did not utter, negotiate and obtain money on the forged check, He only endorsed it. The proof was insufficient to establish the crime of uttering, for which Cogsdell was indicted.

And it is pertinent to note that in the Cogsdell case the Court observed that in Mississippi the crime of forgery is a separate and distinct offense from that of uttering a false, or forged, instrument.

■■ ■ The indictment here alleged that the check was cashed by the Great A. & P. Tea Company, a corporation. The casier of that company testified orally that it was a corporation. Appellant says it was reversible

error to permit that fact to be shown by oral proof. The same contention was made in Clark v. State, (Miss.), 89 So. 2d 636. No opinion was rendered in that case but it was affirmed per curiam, which necessarily means that the contention was overruled.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie,* JJ., concur.