CRIDDLE *v.* STATE

No. 43028          June 8, 1964          165 So. 2d 338

Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted of forgery and sentenced to serve a term in the penitentiary. The indictment charged forgery of a $30 check payable to appellant and purported to be signed by "W. & S. Const. Co., Baxter Wade." It also charged he feloniously uttered the forged check, knowing it to be forged.

Appellant demurred to the indictment on the ground that forgery and uttering are two distinct and separate

crimes and may not be charged in the same indictment. After the demurrer was overruled he moved to require the State to elect which offense it would pursue and this motion was overruled. Appellant's first two assignments of error are based on the actions of the trial court on the demurrer and motion, and raise the question whether forgery and uttering may be charged in one indictment under the circumstances.

██ ██ Forgery and uttering are two separate and distinct crimes. Cogsdell v. State, 183 Miss. 826, 185 So. 206. Where the joining of two such separate and distinct crimes results in prejudice to the defendant it is error not to require the State to elect which offense it will pursue. Burges v. State, 81 Miss. 482, 33 So. 499. Sections 2160 through 2186, Miss. Code 1942, denounce various acts punished as for forgery, including counterfeiting coins and uttering forged instruments. None of these sections provide for a penalty, but each section either provides that the person shall be guilty of forgery or shall be punishable as for forgery. Section 2187 provides that "persons convicted of forgery shall be punished by imprisonment . . . ." If an indictment charged the forging of one instrument and the uttering of another, it would doubtless be bad as this would constitute two different transactions, and the accused would be prejudiced. ██ ██ We hold that when the crime of forgery and uttering are joined in one indictment, it is not demurrable if the two charges are based on the same transaction or series of connected transactions. Wharton's Criminal Law and Procedure, Anderson, Sec. 1935; Cannon v. State, 75 Miss. 364, 22 So. 827; Brady v. State, 128 Miss. 575, 91 So. 277; Jimerson v. State, 93 Miss. 685, 46 So. 948; cf. Osby v. State, 229 Miss. 660, 91 So. 2d 748.

██ ██ An indictment charging burglary and larceny, two separate and distinct crimes, is good and the jury may acquit of burglary and convict of larceny; but if

the verdict is a general one it will be regarded as a conviction of burglary alone. Clanton v. State, 211 Miss. 568, 52 So. 2d 349. By the same reasoning we hold that where one is charged with forgery and uttering, he may be acquitted of forgery and convicted of uttering, but if the verdict is a general one, it will be regarded as a conviction of forgery. In any event, the accused may not receive but one punishment. ██ █ Looking back over this record, we are satisfied that appellant was not prejudiced because of the joining of the two charges in one indictment. The trial court correctly over-ruled the demurrer to the indictment and correctly denied the motion to require the State to elect. The testimony in this case showed that the forging of the check and the uttering were connected transactions and it would be difficult, if not impossible, to prove one without proving the other.

The indictment charged that W. & S. Construction Company, a corporation, and First National Bank, a corporation, were the persons intended to be defrauded and there was no proof that either of said firms was a corporation. Appellant contends that the indictment must allege and the proof must show the name of the party intended to be defrauded, and if such be a corporation, that fact must be proved. In Hays v. State, 207 Miss. 748, 43 So. 2d 206, this Court said:

██ █ "Fraudulent intent is of the essence of forgery and is expressed in our forgery statutes. 23 Am. Jur. p. 688, Sec. 30. Harrington v. State, 54 Miss. 490; Gates v. State, 71 Miss. 874, 16 So. 342. ██ █ To support a conviction it is necessary that the fraudulent intent be proven as laid in the indictment. Eldridge v. State, 76 Miss. 353, 24 So. 313. ██ █ The name of the party defrauded must be set out in the indictment as a means of identifying the offense charged and as a protection against another prosecution for the same offense. ██ █ When the property is alleged to be that of a named

corporation there must be proof that such company is in fact a corporation. 27 Am. Jur., p. 729, Sec. 184; State v. Tatum, 96 Miss. 430, 50 So. 490. The most recent pronouncement upon this question is Wilson v. State, 204 Miss. 111, 37 So. (2) 19, which, in our judgment, is decisive of the question here." ██ █ The Hays case is directly in point and requires reversal of this case.

In many jurisdictions the legislature has provided that in forgery cases it is not necessary to charge intent to defraud a specific person or firm and the indictment is sufficient if a general intent to defraud is charged. Where a copy of the instrument alleged to be forged is set out in the indictment, it seems to the writer of this opinion and at least one of the other judges that there could be no possible danger of another prosecution for the same offense, and, therefore, the reason for the rule announced in Hays v. State is of doubtful validity.

The State concedes that it was error to include in the instructions the name of the King Edward Hotel as one of the persons intended to be defrauded, but says that it was harmless. We find no necessity for discussing this question since it should not recur on another trial.

Reversed and remanded.

*Lee, C. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.