The appellant, F.C. Pierce, was indicted for and convicted of the crime of uttering and publishing a false and forged check for $200 in the Circuit Court of the Second Judicial District of Bolivar County. He was sentenced to serve three years in the State Penitentiary. *Page 770 
The appellant has assigned five errors which he contends should result in a reversal of his conviction.
One of the errors assigned is that the State of Mississippi failed to prove that the Bank of Lambert is a corporation. There is no merit in this contention. The indictment sets out that "C.H. Moore, Marie Moore, The Bank of Lambert, a corporation, and J.B. Lollar, doing business as Lollar Elevator Company," were the parties injured and defrauded. The proof showed that Marie Moore and C.H. Moore were the actual parties defrauded. Inasmuch as these two actual persons were specifically identified by name as the parties defrauded and inasmuch as the offense was thus specifically and sufficiently identified so that the appellant is protected against another prosecution for the same offense, it was not error to offer no proof that the Bank of Lambert was a corporation.
Criddle v. State, 250 Miss. 328, 165 So.2d 339 (1964), is clearly distinguishable from the present case. In Criddle both parties defrauded were alleged to be corporations, but the State failed to prove the identity or existence of either of the two artificial parties. The failure to identify either of the only two parties named was fatal in Criddle, but in the present case, two of the four parties specifically named were identified with certainty as individual persons and as the actual parties defrauded.
The second and third assignments of error were:
 "2. The Court erred in allowing the witness, Leverett, to identify a check marked Exhibit No. 4 for the State, which was uttered by him in Coahoma County, Mississippi, and in allowing the District Attorney to introduce said check into evidence;
 "3. The Court erred in allowing the District Attorney to cross-examine the Appellant when he took the stand as to whether or not he had passed other checks in other counties in the state."
The general rule seems to be that evidence of other criminal acts of the accused, including other forgeries, is admissible if committed at or about the same time as the offense charged, at least for the purpose of showing the accused's intent, guilty knowledge, identity and motive, and a general scheme or course of conduct. See 22A C.J.S. Criminal Law § 691(12) at 834-836 (1961).
Charles Leverett identified Exhibit No. 4 as a check given him by F.C. Pierce and cashed by Leverett in the Otasco Store in Clarksdale a few days before Christmas, 1966. Leverett bought two watches and gave the balance of the $175.00 check to Pierce. This incident was very close in point of time to the offense charged against the accused. The court correctly allowed Leverett to identify this check and the district attorney to introduce it into evidence.
The district attorney had a right to cross-examine the appellant when he took the stand as to whether or not he had passed similar checks recently in other counties of the state and in adjoining states.
On the trial, no objections were interposed by counsel for the appellant to this portion of the cross-examination.
The most serious assignment of error is that the trial court erred in granting Instruction Number 1 for the State. This was the only instruction that the State requested, and is a rather comprehensive instruction on the elements of the offense of uttering and publishing a forged instrument. Between the phrase, "he, the said F.C. Pierce, then and there well knowing," and the phrase "the same to be false, forged, and counterfeit," there was added in handwriting "or having reasonable reason to believe." *Page 771 
The appellant contends on this appeal that adding the language "or having reasonable reason to believe" renders this instruction fatally defective inasmuch as Section 2179 Mississippi Code 1942 Annotated (1956) requires that a person uttering a forged instrument must know such instrument to be forged in order to be found guilty. This instruction is faulty and ordinarily would be fatally defective.
However, under the peculiar circumstances of this case, the defect in this instruction was not fatal. There are at least three reasons for this statement.
First, the appellant was granted five comprehensive instructions. Defendant's Instruction Number 2 enumerates in positive, clear and unequivocal language the four elements constituting the crime of uttering a forgery. The third element is listed in this instruction as follows: "That the Defendant did in fact know at such time that said check was false, forged and counterfeited. * * *" The jury thus was well informed on this element of the offense.
The second reason is that the appellant never raised the issue of guilty knowledge. His defense was that he did not cash the check and that he was not even present on the occasion when the check was cashed. The issue before the jury was what witnesses they would believe, whether they would believe C.H. Moore and Marie Moore, who positively identified the appellant as the one who cashed the check and endorsed the name of Sam Brown on the back thereof, or whether they would believe F.C. Pierce, the appellant, who testified just as positively that he did not cash the check. The jury believed the Moores and did not believe Pierce.
The third reason is that the jury was justified from the testimony adduced in believing that the appellant actually endorsed a fictitious payee's name on the back of the check. Mrs. Marie Moore testified that the appellant endorsed the name of Sam Brown on the back of the check. The jury was justified in believing that F.C. Pierce knew that his name was not "Sam Brown" and that he knowingly forged a fictitious payee's name when he endorsed the check.
Rule 11 of the Supreme Court provides:
 "No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."
It does not affirmatively appear from the whole record in this case that such judgment has resulted in a miscarriage of justice. The issue of guilty knowledge was never raised; the appellant's only defense was that he did not cash the check. If the jury believed the Moores and did not believe the appellant, they could have reached no other verdict except guilty. For the three reasons listed, we hold that this ordinarily fatal defect in an instruction constituted harmless error in this particular case. The judgment is therefore affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER and SMITH, JJ., concur. *Page 911