293 So.2d 343 (1974)
Buddy SOUTHWARD, Jr.
v.
STATE of Mississippi.
No. 47865.
Supreme Court of Mississippi.
April 15, 1974.
*344 James H. Mathis, Corinth, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Appellant was indicted and convicted in the Circuit Court of Tishomingo County for breaking and entering with intent to commit rape. After conviction he was sentenced to serve a term of ten years in the state penitentiary from which sentence he appeals. We affirm.
Appellant was indicted at the September 1972 Term, and at the December 1972 Term he filed a motion to quash the indictment on the ground that relatives of the prosecuting witness, namely, the husband of the prosecutrix and the wife of a first cousin of the husband of the prosecutrix, were members of the grand jury which indicted appellant. No objection was raised as to whether the motion to quash the indictment was timely filed. The evidence showed that the husband of the prosecutrix, who was serving as a grand juror, was not present during deliberations concerning the charges against appellant. The other grand juror complained of, however, was present during the deliberations but did not "open her mouth." She testified that she did nothing to influence other grand jurors and that even though her husband and the husband of the prosecutrix were first cousins, the two families were not close and had very little contact.
After hearing the evidence, the circuit judge found that there was no evidence before him to show that any of the grand jurors who participated during the deliberations were aware of the relationship between the prosecutrix and her relatives who sat as jurors. He further found that there was no showing of fraud or improper influence having been exerted upon the grand jurors and accordingly he refused to quash the indictment.
The legislature has provided that objections to an indictment for defects dehors the face of the indictment may be raised by a motion to quash. Miss. Code Ann. § 99-7-23 (1972). However, a limitation of time for objecting to qualifications of grand jurors has also been set out by legislative enactment, which states that once the grand jury has been sworn and empaneled, no objection can be raised except as to fraud. Miss. Code Ann. § 13-5-43 (1972). See Polk v. State, 288 So.2d 452 (Miss. 1974).
The Mississippi Constitution of 1890 in Article 14, section 264, as amended, provides that the legislature shall establish qualifications of jurors. These qualifications as set forth by the legislature appear in Mississippi Code Annotated section 13-5-1 (1972). Absent a statutory provision to the contrary, grand jurors, who are related to the victim of an alleged crime being investigated by the grand jury, are not disqualified on that basis alone. People v. Briggs, 50 Misc.2d 1062, 272 N.Y.S. 2d 211 (Rensselaer County Ct. 1966); Zell v. State, 15 Ohio App. 446, 32 Ohio C.A. 385 (1922); Lamkin v. State, 165 Tex.Cr. R. 11, 301 S.W.2d 922 (1957). See also IV R. Anderson, Wharton's Criminal Law & Procedure § 1692 (1957); 38 Am.Jur.2d Grand Jury § 7 (1968); 38 C.J.S. Grand Juries § 6f at 990 (1943).
We note that a grand jury serves in an investigative or accusatory capacity, and no statute, or common law rule, was cited disqualifying persons as grand jurors simply because of kinship to the victim of the alleged crime. There was no evidence whatever that any such relative grand juror or other member of said body acted with "malice, hatred, or ill will" or fraud, or otherwise violated the oath taken by grand jurors as set out by Mississippi Code Annotated section 13-5-45 (1972). Absent such evidence, it is presumed that the grand jurors did not improperly or illegally act in returning the indictment against the appellant. Upon such a record we cannot say that the trial judge abused his discretion in overruling the motion to quash.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.