336 So.2d 721 (1976)
Billy D. HARRINGTON
v.
STATE of Mississippi.
No. 49236.
Supreme Court of Mississippi.
August 17, 1976.
*722 Pennington, Walker & Turner, West Point, for appellant.
A.F. Summer, Atty. Gen., by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
The issues in this case are:
1. May evidence of uttering a forged instrument be introduced in a trial on an indictment for forgery?
2. Was defendant denied his constitutional right to a speedy trial?
Defendant was indicted at the July 1974 term of the Circuit Court of Oktibbeha County for forging a check in the amount of $100. Forging a check is a crime under the provisions of Mississippi Code Annotated section 97-21-35 (1972). Hodgkin v. State, 172 Miss. 297, 160 So. 562 (1935).
Defendant does not challenge the sufficiency of the evidence to support his conviction for forgery of the check including the endorsement of the payee, but contends that it was error for the state to introduce evidence that he uttered the forged check. He argues that evidence of uttering the forged check was evidence of a separate crime and was therefore inadmissible under the indictment charging forgery. The crime of uttering and the crime of forgery are separate and distinct offenses. Criddle v. State, 250 Miss. 328, 165 So.2d 339 (1964); Osby v. State, 229 Miss. 660, 91 So.2d 748 (1957); Cogsdell v. State, 183 Miss. 826, 185 So. 206 (1938).
The general rule is that the issue on a criminal trial shall be single, the testimony must be confined to the issue, and, on the trial of a person for one offense, the prosecution cannot aid the proof against him by showing that he committed other offenses. In Floyd v. State, 166 Miss. 15, 148 So. 226 (1933) we stated:
The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and, while the accused may be able to meet a specific charge, he cannot be prepared to defend against all other charges that may be brought against him. `To permit such evidence,' says Bishop, `would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet.' 1 Bish.Crim.Proc., § 1124. There are exceptions to the rule which has been stated, such as where the offense charged and that offered to be proved are so connected as to constitute but one transaction, or where it is necessary to identify the offender, or where it is material to prove motive, and there is apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge and the like ... (166 Miss. at 35, 148 So. at 230).
Younger v. State, 301 So.2d 300 (Miss. 1974); Hosey v. State, 300 So.2d 453 (Miss. 1974); Clanton v. State, 242 Miss. 734, 137 So.2d 180 (1962).
Evidence of uttering or negotiating the check in this case was competent for three reasons: first, it tended to establish the fraudulent intent of the defendant; second, when the defendant cashed the check, he forged the endorsement of the payee in the presence of the clerk who cashed the check, thus the forgery and the uttering were a part of the same transaction; third, there was a relationship between uttering the check and forging the endorsement of the payee.
This Court has previously held that evidence of similar transactions committed at or about the same time as a forgery offense, is admissible for the purpose of proving identity, intent, knowledge or a common scheme to defraud. Thompson v. *723 State, 309 So.2d 533 (Miss. 1975), cert. denied 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 250; Pierce v. State, 213 So.2d 769 (Miss. 1968).
Defendant's second contention is that his constitutional right to a speedy trial was violated. He filed a motion to dismiss the indictment for this reason and a hearing was held outside the presence of the jury. The proof on the motion showed that defendant was indicted at the July 1974 term for forgery and an attorney was appointed for him at that time. He was indicted, tried, convicted and received a sentence of ten years at the January 1975 term for armed robbery. This conviction was affirmed December 22, 1975. Harrington v. State, 323 So.2d 755 (Miss. 1975).
At the January 1975 term defendant filed a motion for a continuance for the purpose of having an independent handwriting analysis made of the check which was the basis of the indictment. At the July 1975 term defendant was granted another continuance and was tried and convicted at the October 1975 term.
Defendant claims that the district attorney agreed to remand the forgery case to the files if the armed robbery case resulted in a conviction and was affirmed; however, there was no proof of such an agreement by the district attorney. The district attorney was called as a witness by the defendant and admitted that he probably talked to the defendant's attorney with reference to remanding the case to the files, but stated that no firm agreement was reached on the question. It was also developed at the hearing that, at the time defendant was indicted for the forgery in 1974, he was on parole from two previous forgery convictions and a revocation of parole hearing was pending. At the conclusion of the evidentiary hearing the trial judge made the following finding of fact:
BY THE COURT: In Oktibbeha County, Mississippi, ordinarily the grand jury is convened in the January and July terms. There are four terms in Oktibbeha County, Mississippi, January, April, July and October. At the grand jury terms the criminal cases are given priority and that is generally considered the criminal terms of court. At the April and October Terms of court the civil cases are given priority. That is generally considered the civil term of court. However, when there is time available, criminal cases are heard in what is known as the civil term, and sometimes civil cases are heard in what is known as the criminal term. In this particular case the defendant was indicted at the July 1974 term of court and an attorney was appointed for him because he was an indigent. At the February 1975 term of court, which was the next criminal term of court, the defendant requested by motion for an independent handwriting analysis and the motion was granted and the case was continued. At this same term of court the defendant was tried in another case on the charge of armed robbery for which he had been indicted at that term of court. At the following criminal term of court in July 1975 defendant sought and was granted a continuance. The Court is of the opinion that the motion is without merit and it is overruled.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) the United States Supreme Court announced a balancing test which takes into consideration the conduct of both the prosecution and the defendant in determining whether or not the accused's right to a speedy trial has been violated. The test is expressed as follows:
A balancing test necessarily compels courts to approach speedy trial cases on an ad-hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. 407 U.S. 514 at 530, 92 *724 S.Ct. 2182 at 2192, 33 L.Ed.2d 101 at 116-17 (Emphasis added).
The defendant never asserted his right to a speedy trial before October, 1975 and all continuances were at his requests. The defendant infers that he requested continuances because his attorney and the district attorney talked about the possibility of remanding the forgery case to the files if his conviction for armed robbery was affirmed. The first continuance was not for this reason because defendant specifically asked for the continuance to enable him to have a handwriting expert examine the check in question. The only delay that could possibly be attributed to the conversations between defendant's attorney and the district attorney was from the July 1975 term to the October 1975 term.
The trial judge, not the district attorney, has control of the docket. None of the conversations pertaining to the possibility of remanding the forgery case to the files were related to the trial judge and of course conversations between the district attorney and defendant's attorney were not binding on the trial judge.
The evidence does not show any prejudice to the defendant flowing from the continuances that he requested. He does not claim that any witnesses have died or were otherwise unavailable, nor does he set forth any reason why the delay prejudiced him. When we consider the length of delay, the reason for the delay, the failure of defendant to assert his right to a fair trial, and the lack of prejudice to the defendant, we are of the opinion that he was not deprived of his right to a speedy trial.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.