ROBERTSON, Presiding Justice,
for the Court.
A joint indictment against Michael Lee Sprinkle, Carol Lloyd Sprinkle and Richard Malcolm McNeil was returned by the grand jury of the Circuit Court of Lamar County, Mississippi, charging them with the crime of delivery of a controlled substance (marijuana). The Sprinkles moved for and were granted a severance.
After a full trial, they were found “guilty as charged”. Michael Sprinkle was sentenced to serve ten years in the State Penitentiary and his wife, Carol, was sentenced to serve a term of five years.
The Sprinkles assign as error:
I. The lower court erred in overruling the Motion to Quash the Indictment and the .Demurrer to the Indictment.
II. The lower court erred in refusing to grant a directed verdict of not guilty after the State rested or to grant the Motion to exclude the evidence and direct a verdict of not guilty when the appellants rested.
III. The verdict of the jury was contrary to the law and the evidence in the case and the lower court should have sustained the Motion for Judgment Notwithstanding the Verdict and/or the Motion for a New Trial.
IV. The lower court erred in granting State’s instruction number 5.
On June 17, 1977, James R. Kelly, an agent of the Mississippi Bureau of Narcotics, made arrangements to purchase 100 pounds of marijuana from Ricky McNeil. Kelly took $10,500 to McNeil’s residence at 4409 Bay View Drive, in the Westover First Addition in Lamar County, because McNeil wanted to see the money before he would *1231 go any further with procuring the marijuana in Mobile, Alabama. Arrangements were made by Kelly to meet McNeil at his residence on Bay View Drive at 8:30 p. m. on June 18, 1977, to close the sale.
Agent Kelly, with Agents Dickey and Blackledge hidden in the back of the van, drove to McNeil’s residence and parked so that the rear of the van would face the rear of McNeil’s car.
The testimony was that Mike and Carol Sprinkle had escorted McNeil from Alabama to his residence in their 1969 Plymouth Fury with an Alabama license tag.
When Kelly said “Let’s see some dope”, McNeil opened the trunk of his car where Kelly saw a burlap bag and a white cloth bag. McNeil had trouble opening the white cloth bag, so Mike Sprinkle took over, opened the bag and handed Kelly a kilo brick of a substance which was later identified by Toxicologist Williams as being marijuana. Carol Sprinkle was standing next to Agent Kelly when the delivery was made by her husband, Mike, and when McNeil asked the question: “You all ready see some money?”, Mike and Carol Sprinkle and Ricky McNeil all nodded in the affirmative. Kelly opened the door to the van and Agents Dickey and Blackledge got out and secured the area, and helped Kelly with the arrests.
The defendants contend that the indictment should have been quashed because Mrs. Betty Rose Breazeale, the wife of Sheriff Marvin Breazeale of Lamar County, served as bailiff of the grand jury that indicted the defendants, and that Sheriff Breazeale assisted in the arrest of the defendants and testified as a witness at the trial. It is very clear to us, after a careful reading and study of the record, that Mrs. Breazeale served purely in a ministerial capacity and did not exert or attempt to exert any influence whatsoever on the grand jury in its deliberations.
She made coffee and placed it in the jury room before any of the grand jurors arrived. At no time did she enter the jury room during their deliberations. At no time did she talk with any of the jurors about any case. She stationed herself at the door of the grand jury room and notified witnesses when the district attorney or county attorney asked her to. She opened the door of the jury room for the witness to enter. There is no merit in this assignment of error. See Southward v. State, 293 So.2d 343 (Miss.1974); State v. Bacon, 77 Miss. 366, 27 So. 563 (1900).
The Sprinkles next contend that the state failed to prove venue, that the defendants committed a crime in Lamar County, Mississippi. Agent Kelly testified that the delivery took place at McNeil’s home at 4409 Bay View Drive in Lamar County, Mississippi, and that he also arrested the defendants at McNeil’s home. Sheriff Breazeale testified that Bay View Drive was in Westover First Addition, and that this subdivision was in Lamar County. A certified copy of the plat of Westover First Addition showing Bay View Drive was introduced into evidence. The plat shows on its face that it is a subdivision of lands in Lamar County, Mississippi, and the certificate of the Chancery Clerk of Lamar County shows that the plat was recorded in the Land Records of Lamar County, Mississippi. There is no merit in this assignment of error.
In their third assignment of error, the Sprinkles argue that no crime was proved against them. The evidence shows that the Sprinkles were closely and inextricably connected with Ricky McNeil in the whole transaction, having escorted him in their car from Alabama to his home in Mississippi. When McNeil had difficulty in opening the cloth bag, Mike Sprinkle stepped forward, promptly opened the bag, and handed Agent Kelly a sample brick of marijuana. Mrs. Sprinkle at the time was standing next to Agent Kelly, and closely observing the whole transaction. They nodded affirmatively when Agent Kelly asked if now they wanted to see some money. The evidence fully supports the verdict of the jury against the Sprinkles.
*1232 In their fourth assignment of error, the defendants contend that the court erred in granting state’s instruction number 5 which allowed the jury to return a general verdict of “Guilty as Charged” for either “delivery of a controlled substance” or “possessing a quantity of marijuana with intent to deliver.” Defendants admit that the indictment charged only the one offense of delivery, and that the error was in the instruction granted.
In Criddle v. State, 250 Miss. 328, 165 So.2d 339 (1964), this Court said:
“An indictment charging burglary and larceny, two separate and distinct crimes, is good and the jury may acquit of burglary and convict of larceny; but if the verdict is a general one it will be regarded as a conviction of burglary alone. Clanton v. State, 211 Miss. 568, 52 So.2d 349. By the same reasoning we hold that where one is charged with forgery and uttering, he may be acquitted of forgery and convicted of uttering, but if the verdict is a general one, it will be regarded as a conviction of forgery.” 250 Miss. at 332-33, 165 So.2d at 341. (Emphasis added).
It is clear from the record that there was an actual delivery of almost 100 pounds of marijuana. Upon the return of a guilty verdict, the court sentenced the defendants for delivery of marijuana.
The court was correct in sentencing the defendants for delivery of marijuana only. We note also that the punishment set by the legislature for each offense is the same. So the defendants were not prejudiced in any way by this instruction.
There being no reversible error committed, the conviction and sentence of each defendant are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.