495 So.2d 1 (1986)
Harry BUNKLEY
v.
STATE of Mississippi.
No. 55819.
Supreme Court of Mississippi.
August 27, 1986.
As Modified on Denial of Rehearing October 8, 1986.
Dexter C. Nettles, Jr., Smith & Smith, Carthage, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
We are this day presented the appeal of the former plant manager of a garment manufacturing concern who has been convicted of embezzlement. It seems that the manager had his company manufacture some 350 odd shirts which were delivered to a local school, only he pocketed the proceeds. This gentleman was in due course convicted of embezzlement, and the only issue seriously pressed on appeal is whether the evidence reflects that the prosecution charged and proved embezzlement of and from "an incorporated company" different from that which actually manufactured the shirts and was entitled to the proceeds of the sale. For the reasons articulated below, we affirm.

II.

A.
This matter began in June of 1982. Garan, Inc. operated a clothing manufacturing plant in Carthage, Mississippi. Carthage Christian Academy, a school situated in Carthage, had a required dress for its students *2 consisting of red shirts with an eagle as an emblem and blue skirts and pants. Gloria Burgess, the school's learning center supervisor, went to the Garan plant and talked with Harry Bunkley, Defendant below and Appellant here, who was plant manager at the time. She placed an order for 356 red shirts embossed with the school emblem. Bunkley advised her that the purchase price would be $6.00 per shirt.
On July 17, 1982, Burgess, accompanied by Gail Monk, another employee of the school, went to Bunkley's home to pick up the shirts. When it became apparent that the shirts would not fit into Burgess' vehicle, Bunkley agreed to deliver the shirts to the school. After the shirts were delivered and unloaded, Bunkley asked Burgess if she would pay cash. Burgess did not have the entire purchase price  some $2,136.00  but did that day give Bunkley some $1,600.00. Bunkley prepared a handwritten receipt on a piece of notebook paper and delivered it to Burgess. The following Monday, July 25, 1982, Burgess paid the remaining $536.00 at which time Bunkley wrote across the same receipt "Paid In Full" and initialed it. No money was ever tendered at the Garan plant.
The shirt sale to Carthage Christian Academy was never reflected upon the books and records of Garan, Inc. An assistant to the company comptroller testified that the records of the company failed to reflect any sale of shirts to Carthage Christian Academy or receipt of funds therefrom. Bunkley offered no explanation for the missing funds nor why he handled the entire transaction personally.

B.
This criminal prosecution was formally commenced on April 25, 1984, when the Grand Jury of Leake County returned an indictment charging Bunkley with the embezzlement and conversion to his own use of in excess of 300 shirts of a value in excess of $100.00 belonging to Garan, Inc., a corporation, of which Bunkley was an "agent, clerk, servant, or officer". Miss. Code Ann. § 97-23-19 (1972). On May 2, 1984, the case was called for trial in the Circuit Court of Leake County and in due course the jury returned a verdict of guilty as charged. Bunkley was thereupon sentenced to the custody of the Mississippi Department of Corrections for a term of two years and ordered to pay a fine of $1,000.00. The sentencing order further provided that, upon the service of a term of thirty (30) days in the Leake County Jail, making of restitution to Garan, Inc. of the sum of $2,136.00, payment of all court costs and performing forty-five (45) days community service, the sentence would be suspended and Bunkley placed on probation for a period of five years. Following the denial of the usual post-trial motions, Bunkley has appealed to this Court.

III.
Bunkley's position throughout was that the shirts in question were manufactured by a corporation known as Carthage Garment Corporation and that if he is guilty of embezzlement of and from anyone, it is the Carthage Garment Corporation and not Garan, Inc. It is in this connection that Bunkley has challenged evidence offered by the prosecution designed to establish that the embezzlement was of and from Garan, not Carthage Garment. His argument is wide of the mark.
The evidence reflected that Garan was incorporated in the state of Delaware. Gary Goodwin, the assistant corporate comptroller, from the corporate office in New York, testified that his company owned a plant in Carthage, Mississippi, and that he had examined its books and records in connection with the Bunkley matter. Sally Hogue, an employee, distributed the checks for all employees of the company and stated that the payroll checks had "Garan, Inc." printed on them. Charles Harper, who succeeded Bunkley as plant manager, had various communications with the New York office and regularly received correspondence from that office with the letterhead "Garan, Inc.". Harper testified that his paycheck also had "Garan, Inc." printed on it. The plant maintained a listing *3 in the Leake County telephone directory under the name "Garan, Inc.". The sign situated in front of the plant had "Garan, Inc." printed on it.
Bunkley argues that the evidence described above and other similar evidence was secondary evidence and should have been excluded by reason of the best evidence rule.
The point need not detain us. This Court has heretofore allowed a manager or employee of a corporation to give testimony regarding the status of the company. Sanders v. State, 219 So.2d 913, 915 (Miss. 1969); Osby v. State, 229 Miss. 660, 662-63, 91 So.2d 748, 749 (1957). See also Hilbun v. State, 167 Miss. 725, 733-34, 148 So. 365 (1933) and Davis v. State, 108 Miss. 710, 67 So. 178, 179 (1915), both embezzlement prosecutions, in each of which the court allowed corporate status to be established by testimony of witnesses, rather than requiring exhibition for formal corporate documents.
The question is not whether such evidence is the best evidence but whether it is good evidence; that is, evidence sufficiently clothed with indicia of reliability that it may reasonably be said to make the existence of the facts sought to be proved  that Garan, not Carthage Garment, owned the shirts and money embezzled and was Bunkley's employer  more probable than it would be without the evidence. The question is answerable only in the affirmative and, accordingly, the assignment of error is denied.

IV.
Bunkley next challenges the sufficiency of the evidence to support the verdict against him. He assigns as error the refusal of the trial judge to grant his motion for judgment of acquittal notwithstanding the verdict. This motion, of course, was a renewal of Bunkley's request for a peremptory instruction. See proposed Instruction No. D-9. Here again he is arguing primarily that the prosecution failed to establish that the shirts in question belonged to Garan, Inc. as opposed to Carthage Garment Corporation, and that the monies, some $2,136.00, should have been paid to Carthage Garment instead of Garan, Inc. Implicitly, he argues that he was an "agent, clerk, servant, or officer" of Carthage Garment, not Garan. See Miss. Code Ann. § 97-23-19 (1972).
Our familiar rule, in evaluating a j.n.o.v. motion, is that the trial judge  and this Court on appeal, as well  must consider all the evidence  not just the evidence which supports the prosecution's case  in the light most favorable to the prosecution. Gavin v. State, 473 So.2d 952, 956 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984). Evidence which supports the case of the prosecution is taken as true. Gavin, 473 So.2d at 956; Warn v. State, 349 So.2d 1055, 1056 (Miss. 1977); Cochran v. State, 278 So.2d 451, 453 (Miss. 1973). All favorable inferences that may reasonably be drawn from the evidence are given to the prosecution. Gavin, 473 So.2d at 956; Griffin v. State, 480 So.2d 1124, 1126 (Miss. 1985); Glass v. State, 278 So.2d 384, 386 (Miss. 1973). If reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, then the peremptory instruction or j.n.o.v. must be granted. If evidence is present of such quality and weight that having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions, the request must be denied. 473 So.2d at 956.
This process must be applied to each element of the offense charged. Embezzlement under Miss. Code Ann. § 97-23-19 (1972)[1], requires proof of the identity of *4 the "incorporated company" whose goods and money the accused has embezzled. The statute further requires proof that the defendant was a "director, agent, clerk, servant, or officer" of that incorporated company. Here the prosecution charged and offered credible evidence that Garan, Inc. was this "incorporated company".
Taking this evidence as true and considering all reasonable inferences favorable to the prosecution that may therefrom be drawn, it is clear that the jury's implicit finding that Garan owned the goods and the monies embezzled is supported by legally adequate credible evidence. Similarly, the evidence is sufficient that Bunkley was Garan's plant manager and thus an agent of that company. The trial judge correctly denied Bunkley's request for a peremptory instruction as well as his request for a j.n.o.v. Gavin, 473 So.2d at 956; Cook v. State, 467 So.2d 203, 209 (Miss. 1985); May v. State, 460 So.2d at 785; Jones v. State, 442 So.2d 919, 921 (Miss. 1983); Hubbard v. State, 437 So.2d 430, 438-39 (Miss. 1983).

V.
Bunkley next assigns as error the refusal of the trial judge to grant Instruction No. D-2 which reads:
The court instructs the jury for the defendant that if you believe from the evidence in this case that there is a probability of innocence of the defendant and there is reasonable doubt as to his guilt and in such case the jury must return a verdict of not guilty.
This instruction was refused by the trial judge as repetitious. The text of Jury Instructions D-4 and D-5, which were given by the court, thoroughly cover the content present in the refused D-2. This assignment of error is denied. Wall v. State, 413 So.2d 1014, 1015 (Miss. 1982); Fisher v. State, 150 Miss. 206, 226, 116 So. 746, 750 (1928).

VI.
Finally, Bunkley challenges the refusal of the trial judge to grant Instruction No. D-6, a circumstantial evidence instruction. The requested instruction, D-6, reads as follows:
The court instructs the jury that where there are two possible theories sustained by the evidence, one tending to show the defendant not guilty, and the other tending to show the defendant guilty, and the jury is unable to determine which theory is true, it must accept the theory favorable to the defendant and find the defendant not guilty.
See Mack v. State, 481 So.2d 793 (Miss. 1985); Billiot v. State, 454 So.2d 445, 461 (Miss. 1984); McWilliams v. State, 338 So.2d 804, 806 (Miss. 1976).
The trial court refused Instruction D-6 noting that this is not a circumstantial evidence case. The prevailing standard as to the necessity for granting a circumstantial evidence instruction is set forth in Keys v. State, 478 So.2d 266 (Miss. 1985), and Mack v. State, 481 So.2d 793 (Miss. 1985). "A correct statement is that the instruction must be given where the prosecution is without a confession and wholly without eyewitnesses to the gravamen of the offense charged." Keys at 267.
The testimony of Gloria Burgess provided substantial direct evidence of Bunkley's offense. "Where a conviction is based upon eyewitness testimony, the refusal of [the circumstantial evidence instruction] is proper." Collins v. State, 447 So.2d 645, 646 (Miss. 1984). Burgess gives eye witness testimony to the gravamen of Bunkley's offense  the ultra vires sale of the shirts and receipt of the proceeds. See Keys v. State, 478 So.2d 266, 268 (Miss. 1985). That testimony is more than sufficient *5 to eliminate any practical need or legal requirement that a so-called circumstantial evidence instruction be given. The assignment of error is denied.
CONVICTION OF EMBEZZLEMENT AND SENTENCE OF TWO (2) YEARS SUSPENDED ON CONDITIONS AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Miss. Code Ann. § 97-23-19 (1972), in its entirety, provides as follows:

If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.