398 So.2d 1341 (1981)
Arnold Edward TAYLOR
v.
STATE of Mississippi.
No. 52639.
Supreme Court of Mississippi.
June 3, 1981.
James J. Fougerousse, Jackson, for appellant.
Bill Allain, Atty. Gen. by Mark A. Chinn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and LEE and HAWKINS, JJ.
LEE, Justice, for the Court:
Arnold Edward Taylor was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable William F. Coleman, presiding, for forgery and was sentenced to five (5) years with the Mississippi Department of Corrections, two (2) years of which were suspended. Taylor has appealed to this Court and assigns three (3) errors in the trial below.
Prior to January 19, 1979, approximately one hundred (100) consumer money orders mailed from a money order company to Star Supermarkets in Jackson, Mississippi, disappeared from the United States mails. On January 19, 1979, a person who identified *1342 himself as Jessie L. Stevenson appeared at a drive-in teller's window of the Medical Center Branch of Deposit Guaranty National Bank and presented one of the money orders for payment. When asked for identification, he displayed a driver's license which identified him as Jessie L. Stevenson, payee in the money order. The teller, Mary Ashley, cashed the money order and made a note of the tag on the car driven by the individual to be Texas # FJV 643. Later that day, the same incident occurred at the Meadowbrook Branch of First National Bank in Jackson where a person presented a similar money order for payment and identified himself as Jessie L. Stevenson. The teller, Rosie Bell Cobb, recorded the driver's license number and paid the order.
A search warrant was obtained and, upon search of appellant's premises, the Texas license plate # FJV 643 was found. On March 29, 1979, appellant was arrested and charged with forgery in connection with the above incidents. Separate indictments were returned and appellant was convicted on the first charge (Deposit Guaranty) and was sentenced to ten (10) years. His appeal is pending in that case. The present case involves the First National Bank incident.
The evidence at trial indicated that appellant worked for the Post Office Dispatch Annex which serviced the supermarkets ordering the money orders and also the mailing address of Jessie L. Stevenson. Mr. Stevenson testified that the driver's license was his, that he had ordered it through the mails, that it had never been received by him, and that he had never seen the money order which bore his name. A handwriting expert testified that, although he could not positively say the money order bore the signature of appellant, from compared handwriting specimens, he was of the opinion that it was "highly probable" appellant forged the money order.

I.
Did the lower court commit error in permitting introduction of testimony about the Deposit Guaranty Bank forgery?
On the trial of the present case, Rosie Bell Cobb, teller at First National Bank, Meadowbrook Branch, testified concerning the cashing of the forged instrument, but was unable to identify appellant as the person who presented the money order. Thereupon, over objection of appellant, Mary Ashley, teller at the Deposit Guaranty Bank, Medical Center Branch, testified concerning the cashing of the money order there and positively identified appellant. He now assigns as error the introduction of that testimony since it contained evidence of a separate and distinct crime.
In Gray v. State, 351 So.2d 1342 (Miss. 1977), this Court said:
"Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter of guilty knowledge. See, Smith v. State, 223 So.2d 657 (Miss. 1969), cert. denied, 397 U.S. 1030, 90 S.Ct. 1274, 25 L.Ed.2d 542 (1970); Cummings v. State, 219 So.2d 673 (Miss. 1969), cert. den., 397 U.S. 942, 90 S.Ct. 954, 25 L.Ed.2d 122 (1970)." 351 So.2d at 1345.
The testimony of Mary Ashley was competent to show the identity and guilty knowledge of the appellant, together with motive and intent. The individual identified himself by the same name, Jessie L. Stevenson, used the same type forged money orders, produced the same driver's license, and used the same automobile and car tag. The modus operandi was identical. See Norman v. State, 385 So.2d 1298 (Miss. 1980); Harrington v. State, 336 So.2d 721 (Miss. 1976); Thompson v. State, 309 So.2d 533 (Miss. 1975); and Pierce v. State, 213 So.2d 769 (Miss. 1968).
The lower court correctly admitted the testimony of Mary Ashley.

*1343 II.  III.
Did the lower court err in overruling appellant's motion for directed verdict and was the verdict of the jury against the overwhelming weight of the evidence?
When the State rested, the appellant, without introducing any evidence, also rested.
In passing upon a motion for directed verdict, the lower court must accept as true all evidence offered in favor of the State, together with reasonable inferences flowing therefrom, and, if such evidence will support a verdict of guilty, the motion must be overruled. Saik v. State, 387 So.2d 751 (Miss. 1980); Warn v. State, 349 So.2d 1055 (Miss. 1977); Redwine v. State, 149 Miss. 741, 115 So. 889 (1928).
We are of the opinion that the evidence stated hereinabove, together with inferences flowing therefrom, presented a question for the jury as to the guilt or innocence of the appellant, and the lower court committed no error in denying the motion for directed verdict. Also, the verdict of the jury is not against the overwhelming weight of the evidence.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.