507 So.2d 89 (1987)
Douglas Jerome JENKINS
v.
STATE of Mississippi.
No. 57283.
Supreme Court of Mississippi.
April 29, 1987.
*90 Merrida P. Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:

I.
On this appeal we are asked to consider and apply the relevancy provisions of the Mississippi Rules of Evidence which became effective on January 1, 1986. In the context of a prosecution for attempted kidnapping of a grocery store patron as he was entering his car in the parking area, the trial judge overruled timely objection to evidence of the defendant's planned but foiled robbery of the grocery store. Because this was evidence which had a tendency to prove the accused's motive, opportunity and intent at the time and on the occasion in question, it was admissible. We affirm.

II.
Douglas Jerome Jenkins was charged with the attempted kidnapping of one Ira Kynerd in an indictment returned by the Hinds County Grand Jury on May 8, 1985. Prior to trial, Jenkins filed a motion in limine seeking to prohibit the prosecution from offering evidence of or making reference to the said-to-be fact that Jenkins and another on the same day had planned a robbery, a crime which insofar as the record reflects never occurred or was never consummated. The trial judge overruled the motion. Thereafter at trial the prosecution offered Jenkins' confession wherein he acknowledged that he and two others had planned to go to a grocery store called the County Market to commit a robbery. Then in final argument to the jury the prosecuting attorney drove home the point that Jenkins and his companions "talked about robbing the County Market," that they went inside the County Market, but inexplicably, performed no robbery.
Jenkins' story was that he took a pistol into the County Market intending to rob it but abandoned that idea and headed outside. He claimed that the attempted kidnapping, if any, was wholly the handiwork of his compadre Michael Dennis. He stated that Dennis took his pistol and said "Let's rob that man," referring to Ira Kynerd who had just finished shopping at the County Market and was in the process of loading groceries into his car. Jenkins said that he replied to Dennis that he was no longer interested in robbing anybody and that he took no part whatsoever in any plan or effort to rob or kidnap Kynerd. To be sure, there is evidence to the contrary. Kynerd testified that Jenkins did indeed take part in the attempted kidnapping.
In due course the jury returned a verdict that Jenkins was guilty of attempted kidnapping whereupon on February 14, 1986, the Circuit Court sentenced him to ten years imprisonment. Jenkins now appeals that conviction and sentence.

*91 III.

A.
The factual context for understanding the present assignment of error is well set by the following necessary excerpt from the brief filed by the Attorney General urging affirmance:
The Appellant [Douglas Jerome Jenkins] and Michael Dennis went to the grocery store planning to rob it. When that plan fell through, they left the grocery store without robbing it, and the events involving Ira Kynerd ensued.
The Appellant's statement to the police contained references to the plan to rob the grocery store. The Appellant filed a motion in limine requesting the trial court (1) to order the State to refrain from mentioning the plan to rob the grocery store and (2) to strike references to that plan from the written statement. The trial court heard argument on the motion and denied it.
Recalling that Jenkins has been indicted, tried and convicted of the attempt kidnapping of Ira Kynerd, we consider two of our recently adopted rules of evidence. These are Rules 401 and 402, Miss.R.Ev., effective January 1, 1986, some six weeks prior to the commencement of the trial of the case at bar.[1] These rules are:
RULE 401. DEFINITION OF "RELEVANT EVIDENCE"
"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.
RULE 402. RELEVANT EVIDENCE GENERALLY ADMISSIBLE; IRRELEVANT EVIDENCE INADMISSIBLE
All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules. Evidence which is not relevant is not admissible.
The initial question before the Circuit Court and before us is whether the evidence in controversy, to-wit; that Jenkins and his compatriot went to the County Market with the intention of robbing it, has a tendency to make the existence of any fact that is of consequence to the determination of whether Jenkins was guilty of the attempted kidnapping of Ira Kynerd more probable or less probable than it would have been without the evidence. The question must be answered in the context of the elements of the offense of attempted kidnapping and the prosecution's theory of how the offense was said to have been committed.
To be specific, in the words of an instruction requested by the prosecution and granted by the Circuit Court, the jury was instructed that a verdict of Jenkins' guilt could rest only upon a finding that he
acting without lawful authority, did wilfully, unlawfully, feloniously and forcibly attempt to seize and confine Ira Kynerd, a human being, with the intent to cause such person to be secretly confined or imprisoned against his will; that is, deprived of his liberty by pointing a pistol at the said Ira Kynerd and attempting to force him into the backseat of a car... .
Put otherwise, the elements of the offense of attempted kidnapping are
(1) an attempt to
(2) forcibly seize or confine
(3) another person
(4) with intent to cause such person to be confined
(5) against his will
(6) without authority of law.
See Miss. Code Ann. §§ 97-3-51 and 97-1-7 (1972). See Haymond v. State, 478 So.2d 297, 298-99 (Miss. 1985) (kidnapping); West v. State, 437 So.2d 1212, 1213-14 (Miss. 1983) (attempts); Aikerson v. State, 274 So.2d 124, 126-27 (Miss. 1973) (kidnapping); Buckley v. State, 223 So.2d 524, 527 (Miss. 1969) (kidnapping); McGuire v. State, 231 Miss. 375, 95 So.2d 537 (1957) (attempted kidnapping of a child).
*92 It is not beyond common experience and perception that a person who plans the commission of one act but is foiled may be likely to commit another like act. This would seem more so where the two are proximate in point of time. In this sense, we would be hard put to say that evidence that Jenkins went to the County Market with intent to rob is beside the point, for, at least on the prosecution's theory  a theory we must accept in the present posture of the case  Jenkins and his confederate attempted the kidnapping of Ira Kynerd for the purpose of effecting the robbery they were unsuccessful in accomplishing in the County Market.
But if all that were before us were the proposition that Jenkins was likely to commit the crime at issue because he had previously formed the intent to rob the County Market, the evidence would be inadmissible under notions well embedded in our law both prior to and incorporated in the Mississippi Rules of Evidence. We refer here to Rule 403 which provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ... .
See Cooley v. State, 495 So.2d 1362, 1364 (Miss. 1986). Candor requires acknowledgment that, though technically relevant in the sense just mentioned, evidence of the character of that at issue here is not of great probative value. If presented to the jury, it has great prejudicial effect and it would arguably inject collateral issues into the case. See Michelson v. United States, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218-19, 93 L.Ed. 168, 173-74 (1948); McCormick, The Law of Evidence § 190.

B.
Our inquiry is not ended. Evidence not admissible because prejudicial under Rule 403 may nevertheless be received if it qualifies under Rule 404(b) which provides
RULE 404. CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES
(b) OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The rule is thus that the prosecution may not be allowed to put before the jury evidence of other criminal acts of the accused unless the evidence is substantially relevant for some purpose other than to show a probability that the accused committed the crime for which he is on trial because he is a person who has displayed criminal propensities in the past. McCormick, The Law of Evidence § 190. Those other purposes have now been enumerated in and codified in Rule 404(b). See Robinson v. State, 497 So.2d 440, 442 (Miss. 1986); Mariche v. State, 495 So.2d 507, 508 (Miss. 1986).
The evidence at issue is an "act" under Rule 404(b). As such it may become admissible though otherwise excludable under a combined reading of Rules 401-403. In other words, if the evidence of the intended robbery of the County Market satisfies one of the Rule 404(b) exceptions, that is, if it be such that it satisfies some other evidentiary purpose beyond simply showing that Jenkins is the sort of fellow likely to commit the crime charged, it may be admissible notwithstanding that the evidence would otherwise be excludable under Rule 403.
The Rule 404(b) question before the Circuit Court and before us may in the end be simply put: Was the fact that Jenkins and his compatriot went to the County Market with the express intention to rob it proof of Jenkins' motive, opportunity or intent to participate in the attempted kidnapping of Ira Kynerd.[2] The answer is, yes.
*93 The critical factor here is the undisguised purpose of the attempted kidnapping of Ira Kynerd  to rob him. Though Kynerd foiled the attempt by refusing to get into the car and simply walking away  in a public parking lot in broad open daylight  the evidence, properly viewed in light of the jury's verdict, suggests that Jenkins' ultimate purpose was robbery. Seen thus, evidence that Jenkins went to the County Market for the express purpose of committing a robbery is evidence relevant to the issues of motive, opportunity, and intent to participate in the offense against Kynerd.
To be sure, evidence admissible under Rule 404(b) is also subject to the prejudice test of Rule 403; that is, even though the Circuit Court considered the evidence at issue admissible under Rule 404(b), it was still required by Rule 403 to consider whether its probative value on the issues of motive, opportunity and intent was substantially outweighed by the danger of unfair prejudice. In this sense Rule 403 is an ultimate filter through which all otherwise admissible evidence must pass.
In reviewing a question such as this, we, as a matter of institutional necessity, accord the Circuit Court a certain leeway. The weighing and balancing task assigned by Rule 403 is not one susceptible of mechanical performance. It requires judgment and because such the law gives the Circuit Court discretion. Suffice it to say that we cannot say on these facts that the Circuit Court abused its discretion in overruling the objection at issue. See Knox v. State, 502 So.2d 672, 674 (Miss. 1987).
The assignment of error is denied.

IV.
Jenkins next argues that the Circuit Court erred in overruling objections to evidence of statements attributed to Dennis, his confederate of the day, on hearsay grounds. We have considered the point, and find it without merit or in need of discussion. The assignment of error is denied.

V.
Jenkins finally argues that the verdict of the jury was contrary to the overwhelming weight of the evidence and that in consequence the judgment of conviction should be set aside and a new trial ordered. We have reviewed the record with care and, while we must state in candor that this is anything but the strongest case for the prosecution we have seen, the evidence was such that, when considered under our familiar standard of review, we have no authority to disturb the jury's finding that the prosecution had proved each and every element of the offense of attempted kidnapping. See, e.g., Weaver v. State, 497 So.2d 1089, 1095-96 (Miss. 1986); Haymond v. State, 478 So.2d 297 (Miss. 1985); Aikerson v. State, 274 So.2d 124 (Miss. 1973); Buckley v. State, 223 So.2d 524, 527 (Miss. 1969); McGuire v. State, 231 Miss. 375, 95 So.2d 537 (1957). The assignment of error is denied.
CONVICTION OF ATTEMPTED KIDNAPPING AND SENTENCE OF TEN (10) YEARS IMPRISONMENT AFFIRMED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ. and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The Mississippi Rules of Evidence apply to and "govern all proceedings in any action had on or after January 1, 1986. See Order adopted September 24, 1985.
[2] At trial, the prosecutor defended the use of the evidence on the theory that "it's all a part of the res gestae and to what happened there... ." Without addressing whether "res gestae" maintains any viability in the wake of the comment to Rule 803, Miss.R.Ev. ("The rules, in effect, abandon the elusive concept of res gestae"), it is for our present purposes sufficient to point out what res gestae, even in its seemingly unbounded historical use, did not then include. It most assuredly has never properly applied to wholly independent bad acts which are obviously unnecessary to the proof of the primary charge. We need not echo the longstanding frustration with the elusive definition the term "res gestae" has engendered. Stringer v. State, 500 So.2d 928, 948-49 (Miss. 1986) (concurring opinion). We note, however, for the benefit of all who wrestle with evidentiary procedure that they are better guided by the new evidence rules than by the case law preceding their passage. Utilization of these rules greatly facilitates the efficient and just resolution of cases. Moreover, it provides a concise guide for appellate analysis, which in the present case leads us to affirm under Rule 404(b), Miss.R.Ev.