555 So.2d 691 (1989)
John Wiley FORD
v.
STATE of Mississippi.
No. 07-58903.
Supreme Court of Mississippi.
December 13, 1989.
*692 Joe Morgan Wilson, Senatobia, for appellant.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Appellant John Wiley Ford was indicted with another as an habitual offender in a two-count indictment by the Grand Jury of Tate County, Mississippi, on March 23, 1987. As to Count 1 of said indictment, the defendant was tried and found guilty of the crime of conspiracy, which conviction was appealed to this Court and affirmed on June 21, 1989, Ford v. State, 546 So.2d 686. As to the second count, which alleged grand larceny, a mistrial was declared. The case sub judice results from a retrial of the grand larceny count on November 5 and 6, 1987, at which time Ford was found guilty by a jury.
After the State's proof as to recidivism was presented in accord with the requirements of Miss. Code Ann. § 99-19-81 (1972), the trial court found defendant to be an habitual offender. Accordingly, he was sentenced to a term of five (5) years imprisonment in the custody of the Mississippi Department of Corrections without parole or probation. The sentence was ordered to be served consecutively to that previously imposed as to Count 1 (conspiracy) of the indictment noted above. Thereafter the trial court overruled Ford's post trial motions and denied him a new trial. Being aggrieved, he appeals and urges three assignments of error. Finding no error, we affirm.

STATEMENT OF THE FACTS
The facts of this case are the same as those described in the case of Ford v. State, 546 So.2d 686, 687 (Miss. 1989), and are carefully paraphrased from it.
According to the testimony of teller Dorothy Matthews, two men, one a "light complected" man, the other dark, came to the teller window which she had womanned for seven years and asked first for change of a five dollar bill, then for some coin wrappers. Matthews turned away and one of the men reached into the cash drawer and removed some $750.00. Matthews returned the wrappers, handed them to the men, and said "y'all come back." [T]he pilfered money was "bait money" which triggered a surveillance camera that began shooting three pictures per second. The photographs show, crystal clear, a dark complexioned man reaching into a teller's drawer, and withdrawing an unidentified bundle, while the lighter complexioned man stood by, alternatingly watching the other man and looking about the area. Appellant, John Wiley Ford, was identified in court as the lighter complexioned man. The next day, October 31, 1986, they did it again. Ford and his companion journeyed to West Memphis, Arkansas, entered the First National Bank of West Memphis, approached a teller's window and again asked for coin wrappers. The teller turned to comply and when she returned, her bait money had been stolen. As in Senatobia, Ford's performance was recorded for posterity by the bank's surveillance camera.

ARGUMENTS

I. WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL ON THE GROUNDS OF THE PREJUDICIAL TESTIMONY OF GLORIA CARTER FROM WEST MEMPHIS, ARKANSAS.
During the trial Gloria Carter, an employee of the First National Bank of *693 West Memphis, Arkansas was called to testify concerning a similar incident in the bank in which she was employed involving appellant and Marion Anderson, which took place on October 31, 1986, the day after the alleged robbery of Peoples Bank in Senatobia, Mississippi. Defense counsel objected on the grounds that under Rule 404(b) of the Mississippi Rules of Evidence, no provision is stated for the admissibility of subsequent offenses. The objection was overruled. Ms. Carter was allowed to testify.
Rule 404(b) reads as follows:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Emphasis added).
Appellant claims there are no cases decided by this Court holding that subsequent offenses are admissible under Rule 404(b) of the Mississippi Rules of Evidence. He emphasizes that the various cases decided by the Mississippi Supreme Court have referred strictly to prior offenses, one of the most prominent of which is Neal v. State, 451 So.2d 743, 759 (Miss. 1984).
Alternatively, assuming arguendo, this Court holds that subsequent offenses are admitted under the "other crimes" exception set forth in 404(b), appellant contends there is a further crucial consideration to which the trial court did not adhere in this case. In short, appellant properly states that even if an exception as delineated in 404(b) is clearly present in a case there still remains the precautionary test of Rule 403. That is, Rule 403 provides some protection from allowing any and all relevant evidence to be placed before the jury. Jenkins v. State, 507 So.2d 89 (Miss. 1987).
To be sure, evidence admissible under Rule 404(b) is also subject to the prejudice test of Rule 403; that is, even though the Circuit Court considered the evidence at issue admissible under Rule 404(b), it was still required by Rule 403 to consider whether its probative value on the issues of motive, opportunity and intent was substantially outweighed by the danger of unfair prejudice. In this sense Rule 403 is an ultimate filter through which all otherwise admissible evidence must pass.

Id., at 93.
We note that appellant does not attempt in his brief to expound on the reasons why the testimony of a witness to a subsequent crime fails the Rule 403 probative value test. He simply states in the conclusion of his brief that the testimony was "highly prejudicial under Rule 403 of the Mississippi Rules of Evidence."
Appellee's (The State) position is clear: Where Rule 404(b) is silent as to the admissibility of prior or subsequent offenses  the Rule itself speaks to no more than the issue of "[e]vidence of other crimes ..."  the admission of the evidence was proper where it falls within the ambit of recognized exceptions thereunder, and where it is not impermissibly prejudicial.
Appellee directs this Court to four (4) cases for the proposition that the admission of subsequently charged crimes is not without precedent in Mississippi. See, e.g., Reddix v. State, 381 So.2d 999 (Miss. 1980), where the issue was presented to this Court in the context of a death penalty prosecution. See also, Strickland v. State, 209 So.2d 840 (Miss. 1968); West v. State, 218 Miss. 397, 67 So.2d 366 (Miss. 1953); Walker v. State, 201 Miss. 780, 30 So.2d 239 (Miss. 1947).
We further note that while somewhat helpful, Reddix, Strickland, West and Walker do not dispose of this issue in the case sub judice.
Appellee argues that the facts adduced at trial show that appellant with another was charged with grand larceny of a sum of money from Peoples Bank in Senatobia, Mississippi. Both parties contrived to obtain the absence of the teller from her bank window by asking for coin wrappers. When she went to fetch them, one party (Marion Anderson) reached over into her open cash drawer and allegedly scooped *694 out Seven Hundred Fifty ($750.00) dollars; in the process he unknowingly removed bait money, the removal of which triggered the bank's silent alarm system and activated the automatic surveillance camera. One party (Marion Anderson) was photographed in the act of extending himself horizontally through the teller's window and then stuffing something in his right pocket while the other party (appellant herein) stood by. Proof at trial was augmented with additional testimony and other automatic surveillance camera photographs of the parties made the following day, in which the same two parties  both wearing the same distinctive head wear  pulled the identical scam at the First National Bank in West Memphis, Arkansas, one day later.
Significantly, the teller in the case sub judice did not observe any untoward activity on the part of appellant and his accomplice. She testified that money came up missing from her cash drawer after an internal audit, the audit in turn having been occasioned by the removal of the bait money and the triggering of the bank's alarm system. Her identification of the parties was limited to the fact that they were at her window immediately prior to the time she discovered the missing bait money, and that she could recognize them from the automatic camera photographs. Testimony from another teller revealed that she remembered seeing the individuals in the photographs immediately prior to the time the silent alarm alerted internal bank officials that something was amiss. She could not testify that she had seen them take anything from the complaining teller's cash drawer.
The testimony complained of  that of a bank teller supervisor from West Memphis, Arkansas  proved (1) that two men came to her teller window and asked for coin wrappers; (2) that one party was seen "... bending way over into my window ..." while talking to her about the denominations of wrappers needed. Immediately after the wrappers were requested, that bank's automatic camera system was activated by the removal of bait money from her cash drawer. She identified the two parties in photographs taken by the bank camera in Senatobia the day before, and from photographs taken by her bank's security camera in West Memphis, Arkansas. Appellant is one of the two men in each set. The modus operandi is identical. Taylor v. State, 398 So.2d 1341 (Miss. 1981).
In Taylor, supra, there was a forged instrument presented to a bank teller. The teller testified as to circumstances of the cashing of that instrument, but was unable to identify the defendant as the person who presented the forgery for cashing. Over objections, a teller from another bank was permitted to testify to the identity of the defendant, where he presented to her that same day a similar instrument and identification the same as that presented to the first witness who could not identify him. In formulating its holding, the Taylor Court noted the general prohibition against introduction of evidence of other crimes, and noted as well the exceptions thereunder, citing Gray v. State, 351 So.2d 1342 (Miss. 1977). Thereafter this Court concluded,
[t]he testimony of [the second teller] was competent to show the identity and guilty knowledge of the appellant, together with motive and intent.

* * * * * *
The modus operandi was identical [citations omitted; emphasis added]
Taylor, at 1342.
Appellee asserts that in at least the case of forgery, this Court has recognized that "... evidence of similar transactions committed at or about the same time as a forgery offense, is admissible for the purpose of proving identity, intent, knowledge or a common scheme to defraud." Harrington v. State, 336 So.2d 721, 722 (Miss. 1976). Accord, Thompson v. State, 309 So.2d 533 (Miss. 1975). It seems clear that the significant phrase in Harrington, supra, in which this Court's intent is plain is "... at or about the same time... ." Id., at 722.
Appellee concludes its analysis on this point by stating that in this case, the testimony of the West Memphis bank teller was derived from an event which occurred the *695 following day, in which an essential element was the photographic evidence of appellant's identity, and one in which the modus operandi was shown to be identical in every respect. Certainly, the teller in the instant case could only identify appellant as one who had been at her window, and who had asked for coin wrappers. Proof of the second crime was pointedly to the fact that in the second, subsequent larceny, appellant was the same, and the method of achieving the crime was the same. The latent factor underlying both was his motive and criminal intent.
Finally, appellee addresses appellant's contention that Rule 403 is the "... ultimate filter through which all otherwise admissible evidence must pass." Jenkins, supra, at 92.
The Court in Jenkins concluded its analysis by noting that
... we, as a matter of institutional necessity, accord the Circuit Court a certain leeway. The weighing and balancing task assigned by Rule 403 is not one susceptible of mechanical performance. It requires judgment and because such the law gives the Circuit Court discretion.
Id., at 93.
Therefore, appellee argues that where it is clear that the Court exhaustively considered the effect of the testimony sought to be offered in advance of the fact, and where it is abundantly clear that the Court perceived the exceptions as qualifying under Rule 404(b), this Court should accord that finding the deference it is due and not find an abuse of discretion such as to occasion reversal.

ANALYSIS
Reference is made to the case of Ford v. State, 546 So.2d 686 (Miss. 1989), wherein this same appellant was convicted of conspiracy. Justice Robertson stated:
The prosecution argues that evidence of the West Memphis bank larceny was admissible to prove plan or knowledge, i.e., modus operandi. Rule 404(b), Miss. R.Ev. Were we concerned with a conviction of bank larceny, the point would be apt. See United States v. Hayes, 553 F.2d 824, 828 n. 9 (2d Cir.1977). Ford, however, was not convicted of grand larceny, but of conspiracy.
Id. at 689.
The rationale underlying that decision is that Rules 401-403, Miss.R.Ev. "carry forward our traditional view that in a conspiracy prosecution, the range of relevant evidence is quite wide." Ford, supra at 689; Peoples v. State, 501 So.2d 424, 429 (Miss. 1987); McCray v. State, 486 So.2d 1247, 1251 (Miss. 1986); Griffin v. State, 480 So.2d 1124, 1126 (Miss. 1985).
Our concern in the case sub judice is whether the trial judge properly instructed the jury that the evidence of another subsequent crime had a limited purpose. That is, under no circumstances could the jury consider evidence that an act done at one time or on one occasion is any evidence or proof whatever that a similar act was done at another time, or on another date, or on another occasion. However, as Hayes, supra clearly states, "[t]he jury may consider that evidence for the specific limited purpose of demonstrating similarity of method and similarity of mode of operation, which might shed some light on the identity of this defendant as the man who committed the criminal acts at the Manufacturers Hanover Trust and at the Chase Manhattan Bank." Id. 829, n. 11.
It appears that the jury was properly instructed in the case sub judice. Witness the language of Court Instruction # 11 (C-11):
The Court instructs the jury that the testimony of Gloria Carter regarding an alleged incident at the First National Bank in West Memphis, Arkansas, was offered in an effort to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, regarding this Defendant, John Wiley Ford. You may give this testimony such weight and credibility as you deem proper under the circumstances. However, you can not and must not consider this testimony in any way regarding whether or not this *696 Defendant is guilty or not guilty of the charge for which he is presently on trial.

Furthermore, appellant approved the giving of such instruction. The trial judge was quoted as saying
[f]or the record, then, I am going to give C-11, Court's instruction, cautionary instruction, as to how the jury would need to consider the testimony of Gloria Carter. This is a cautionary instruction, which I believe the defendant wants, is that right, Mr. Wilson? (Appellant's counsel)
MR. WILSON: Yes, sir.
THE COURT: C-11 will be given.
In sum, this assignment of error is without merit.

II. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S JURY INSTRUCTION REGARDING THE LESSER OFFENSE OF PETIT LARCENY?
Evidently, the trial judge was convinced this was a case that did not warrant the lesser included offense instruction. Witness his analysis:
COURT: The Supreme Court has said in many instances that certainly, where it is supported by the record, the court should, without hesitation grant a lesser included instruction and this court has done that many times.
But, on the other hand the Supreme Court has said, unequivocally, that the giving of the lesser included instruction has to be supported by the record. And the record, as I recall the testimony of witnesses are clear and unequivocable regarding how much money they were short, which was $750.00. And as I see it the jury is going to believe either that the money was taken, and if they believe that, the testimony is clear regarding the amount they were short. And on the other hand, if they feel like money was not taken by this defendant or that this defendant is not guilty of the crime of grand larceny, then he will be found not guilty. It, simply, the record would have to support the giving of the lesser included instruction the record does not support that. The teller, Mrs. Matthews stated that she was $750.00 short that she balanced her drawer out, I think she used the word proven, the drawer was "proven", and there was $250.00 bait money and $500.00 of bank money missing, for a total of $750.00 and this testimony was collaborated by teller, Linda Crawford and by the bank Vice-President Howard Patterson, so, the jury either believes that, or they don't believe it. This simply is not a case of lesser included instructions so D-1 must be denied for those reasons.
Nevertheless, appellant asserts that the trial judge erred by improperly applying the test for determining whether a lesser-included offense instruction should be granted in a criminal prosecution. Said test was recently restated in Armstead v. State, 503 So.2d 281 (Miss. 1987) as follows:
[A] lesser included offense instruction should be granted unless the trial judge  and ultimately this Court  can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find that defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge).
Id. at 285; see also Gates v. State, 484 So.2d 1002, 1004 (Miss. 1986); Harper v. State, 478 So.2d 1017, 1021 (Miss. 1985); Harbin v. State, 478 So.2d 796, 799 (Miss. 1985); Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985); and Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984).
Instead of considering the evidence most favorable to the appellant, appellant contends that the trial judge considered the evidence most favorable to the state. He attempts to persuade this Court by quoting certain cross-examination testimony of Mr. Howard Patterson (Bank VP) and Mrs. Dorothy Matthews (Bank Teller).
In that testimony, the plain intent of appellant was to get the witness to admit *697 that (1) she didn't actually see the money taken, and she did not; and (2) that the amount of money in her teller drawer could have been accounted for as missing by some other means than appellant's theft.
Simply put, and considering the evidence in the light most favorable to appellant (defendant), appellee asserts that there was no evidence in the record that any sum was stolen which could amount to less than $100.00. In consideration of Miss. Code Ann. § 97-17-43 (1972), and the cases noted above, appellee concludes that there was no rational basis from which the jury could have concluded that the amount taken was less than $100.00., thus, the instruction was properly refused.

ANALYSIS
We are convinced that the trial judge did consider all reasonable favorable inferences which may be drawn in favor of the accused from the evidence. That is, because no witness could testify to actually seeing more than $100.00 being taken, then if indeed appellant took any money at all, it is possible he could have taken less than $100.00. This is "negative implication evidence", not real evidence. Under the facts and circumstances of this case, no reasonable jury could find the defendant guilty of the lesser included offense.
This Court always stands ready to correct those cases that violate this important principle. See Lenard v. State of Mississippi, 552 So.2d 93 (1989). However, in the case sub judice, the facts and circumstances are against such action. This assignment of error is without merit.

III. WHETHER THE TRIAL COURT ERRED IN PERMITTING OFFICER SAMMY WEBB TO TESTIFY TO APPELLANT'S ADMISSION OF FORMER CONVICTIONS WITHOUT READMINISTERING HIS MIRANDA RIGHTS?
Upon a conviction of guilty, appellant appeared for a sentencing hearing (the second portion of the bifurcated trial) to determine whether he was an habitual criminal under Miss. Code Ann. § 99-19-81 (1972). Defense counsel objected to the admission of former convictions on the grounds that the State of Mississippi had not proven that appellant was the same person as the individual named in said convictions. Further evidence, the testimony of Officer Sammy Webb, was offered to which defense counsel also objected. Said objections were overruled and appellant was sentenced as an habitual criminal.
Despite the simple statement of error, appellant's complaint is multiplicious. He variously argues that (1) the trial court erred in allowing the testimony of witness Webb of appellant's admissions of prior felonies without reinforming him of his Miranda rights; (2) the State failed to prove the identity of appellant as to prior convictions; and (3) the burden of proving identity impermissibly shifted to the defendant.
We quickly dispose of assertions (2) and (3), above, and simply say that they are without merit. With regard to assertion (1), above, appellant would have this Court rule that this is a situation controlled by Rule 1.03 of the Mississippi Uniform Criminal Rules of Circuit Court Practice which in pertinent part reads:
The Miranda Warnings should be given prior to any subsequent interrogation session with the person in custody, even though the warnings were given in the prior interrogations.
Appellant argues that no further warnings were given him at any time and that the trial court was in error for allowing Officer Webb to testify concerning such admissions.
Next, appellant asserts that Mississippi's Rule 1.03 is consistent with the case of Proctor v. U.S., 131 U.S.App.D.C. 241, 404 F.2d 819 (1968). This may or may not be correct, but this Court is convinced that neither Rule 1.03 or Proctor, supra is applicable to the case at hand. The simple fact is that there was no subsequent interrogation session as described in Rule 1.03 above. Instead, there was only one session in which Officer Webb sought biographical information from appellant and such only occurred after appellant was given his Miranda Warnings. There is no testimony in *698 the record which hints of a second session at a later point in time.
We find appellant was adequately forewarned of his Miranda Rights prior to answering questions regarding his prior criminal record. Absent any additional coercive evidence his assignment of error is without merit.

CONCLUSION
Accordingly, having carefully considered the record and briefs filed herein, we affirm appellant's conviction of grand larceny as an habitual offender and sentence of five years  not to be reduced or suspended, nor afforded eligibility for parole, probation, earned or good time, nor any other administrative reduction of time or early release  to run consecutively to that sentence imposed as a result of appellant's conviction of conspiracy in Count One. There being a Pauper's Affidavit filed and granted, costs of this appeal are assessed to Tate County, Mississippi.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.