760 So.2d 790 (2000)
Quancidine GRIBBLE a/k/a Quancidine Hinson Gribble, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KM-00621-COA.
Court of Appeals of Mississippi.
February 22, 2000.
Rehearing Denied May 2, 2000.
*791 Jack R. Jones, III, Southaven, Attorney for Appellant.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
BEFORE KING, P.J., DIAZ, IRVING, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Quancidine Gribble was convicted of simple assault and sentenced to six months in the Desoto County Jail. Gribble appeals on the following issues of error
I. THAT THE TRIAL COURT ERRED IN DENYING THE REQUEST OF APPELLANT TO INTRODUCE EVIDENCE DURING CROSS-EXAMINATION OF THE ALLEGED VICTIM.
II. THAT THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR MISTRIAL MADE DURING THE PROSECUTOR'S CLOSING ARGUMENT.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. On December 19, 1997, Robert Gribble and Quancidine Gribble got into an altercation. Quancidine came home from work to find all of her belongings packed into her vehicle. Robert testified that he wanted Quancidine to move out because she had used some of his credit cards without his permission or knowledge and he thought she was having an affair. Quancidine did not want to leave at that time and a fight ensued. Quancidine hit Robert over the head and about the chest and arm with a statue. Quancidine testified that Robert was in a drunken rage and had come at her with a shotgun and hit her in the back with a large vase, and that she defended herself by taking the shotgun away from Robert and beating him off of her with a statue. Robert, however, testified that he never hit her or attempted to hit her. They finally stopped fighting, because both of them were too *792 tired to continue, and eventually went to sleep. The next afternoon Quancidine took Robert to the emergency room. Robert claims that he convinced Quancidine to take him to the hospital by promising her he would tell the emergency room staff that he had injured himself while working on a lawn mower. Quancidine testified that Robert came up with the lawn mower story and promised her to not tell the police. Robert received numerous stitches in his head from being hit with the statue, was severely bruised about the chest and right arm, and had a torn rotator cup. After they went to the hospital they went to Wendy's to get something to eat, and Quancidine testified that they made up and even had sexual relations later that evening.
¶ 4. Several days after the incident, on December 24, Robert went to the police and reported the incident. Quancidine was arrested that day and maintained that the lawn mower story was the truth. Several months later Robert filed for divorce, but the divorce was never ordered because Robert's lawyer was disbarred and Robert was unable to find his file. The defense tried to admit the divorce complaint into evidence to show that Robert was claiming cruel and inhumane treatment. However, the judge would not admit the actual complaint since the jury heard that a divorce was pending and that the grounds were cruel and inhumane treatment. Robert denies having asked for a divorce on these grounds.

ANALYSIS

I. THAT THE TRIAL COURT ERRED IN DENYING THE REQUEST OF APPELLANT TO INTRODUCE EVIDENCE DURING CROSS-EXAMINATION OF THE ALLEGED VICTIM.
¶ 5. The appellant maintains that it was error for the trial judge to not admit the complaint for divorce into evidence. The appellant attempted to use the divorce complaint, which alleged cruel and inhumane treatment as the grounds for divorce, to show a motive for Mr. Gribble to lie about the assault.
¶ 6. We must first be reminded of our standard of review. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. M.R.E. 403. The trial court is afforded great discretion in determining whether or not to admit evidence under Rule 403. Foster v. State, 508 So.2d 1111, 1118 (Miss.1987). The Mississippi Supreme Court has long held that evidentiary rulings are within the trial judge's broad discretion and will only be reversed if the reviewing court perceives an abuse of that discretion. Hentz v. State, 542 So.2d 914, 917 (Miss.1989).
¶ 7. The Mississippi Rules of Evidence sets the standard for admitting evidence. First, the evidence must be relevant. Evidence is relevant if it would suggest to the jury that a fact of consequence is more probable or less probable than it would be without the evidence. See Kolb v. State, 542 So.2d 265, 269 (Miss.1989); Edlin v. State, 533 So.2d 403, 410 (Miss.1988); Jenkins v. State, 507 So.2d 89, 91-92 (Miss.1987). Second, and most pertinent in the case at hand, is Rule 403 which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403
¶ 8. The applicable standard of review of this issue was set forth in Foster, 508 So.2d at 1117-18, wherein the court instructed as follows:
When the trial court determines that a 403 factor substantially outweighs probative *793 value, it is still within its discretion to determine whether to exclude the evidence, since 403 states not that the evidence must be excluded in such cases, but rather that it may be excluded. Because of this discretion vested in the trial court, our task as an appellate court reviewing a 403 determination is not to engage anew in the 403 balancing process. Rather, we simply determine whether the trial court abused its discretion in weighing the factors and admitting or excluding the evidence.
¶ 9. In the case sub judice, the divorce complaint claiming cruel and inhumane treatment on the part of the defendant as the grounds for divorce was not admitted into evidence. The defense attempted to admit the evidence to show that the victim had a reason to manufacture the assault claim. Robert Gribble denied having claimed cruel and inhumane treatment as the grounds for his divorce complaint. The trial judge refused to admit the actual divorce complaint since there were problems with Mr. Gribble's attorney and the information regarding the alleged grounds for divorce was already before the jury. We hold that admitting the actual divorce complaint in conjunction with the testimony about the grounds for divorce would unnecessarily confuse the jury as to the issue in question in the pending case rather than benefit the jury. We hold that the trial court did not erroneously refuse to admit the divorce complaint. Furthermore, we find that, since the jury was aware of the grounds for the divorce, had it been error to exclude the complaint it would have been a harmless one.

II. THAT THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR MISTRIAL MADE DURING THE PROSECUTOR'S CLOSING ARGUMENT.
¶ 10. The Supreme Court has repeatedly held that the granting of a motion for a mistrial is within the sound discretion of the trial judge. Hoops v. State, 681 So.2d 521, 528 (Miss.1996); Bass v. State, 597 So.2d 182, 191 (Miss.1992). We are reminded that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect and for that reason the trial court is allowed considerable discretion in determining whether a remark was so prejudicial as to warrant a mistrial. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). The question is whether the court, by instructing the jury to disregard the prosecutor's statement, repaired the damage caused by the statement so that the motion for a mistrial was correctly denied. "The failure of the court to grant a motion for mistrial will not be overturned on appeal unless the trial court abused its discretion." Bass, 597 So.2d at 191. In addition, the Mississippi Supreme Court has stated:
Elementary to all trial proceedings is the proposition that the occurrence of any prejudicially incompetent matter or misconduct before a jury, the damaging effect of which cannot be removed by admonition or instructions, necessitates a mistrial. However, it is the well established rule in Mississippi that where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, the remedial acts of the court are usually deemed sufficient to remove any prejudicial effect from the minds of the jurors. The jury is presumed to have followed the directions of the trial judge.
Walker v. State, 671 So.2d 581, 621 (Miss. 1995) (citations omitted).
¶ 11. This state's Supreme Court has repeatedly and consistently held that such action is sufficient to remove any prejudice resulting from the improper testimony. See Dennis v. State, 555 So.2d 679, 682-83 (Miss.1989) (finding improper speculative testimony non-prejudicial when trial court sustained objection and instructed jury to disregard it); Wright v. State, 540 So.2d 1, 4 (Miss.1989) ("Absent unusual circumstances, where objection is sustained to *794 improper questioning or testimony, and the jury is admonished to disregard the question or testimony, we will not find error"); Marks v. State, 532 So.2d 976, 982 (Miss.1988) (finding refusal to grant mistrial was proper where trial court sustained objection and instructed jury to disregard improper testimony).
¶ 12. Furthermore, only if the inadmissible testimony is so damaging that its effect upon the jury could not be adequately cured by admonition or instruction, the trial court should grant a mistrial. Reynolds v. State, 585 So.2d 753, 755 (Miss.1991); Davis v. State, 530 So.2d 694, 697 (Miss.1988). Each case must be decided individually in determining whether particular error constitutes reversible error. Henderson v. State, 403 So.2d 139, 140 (Miss.1981). A violation of a rule of evidence should not result in the costly and time-consuming penalty of a new trial unless it affirmatively appears from the whole record that a miscarriage of justice has resulted.
¶ 13. In examining the case at bar, the defense claims that a statement made by the prosecutor during closing arguments was improper and a mistrial should be granted. The pertinent statement by the prosecutor and the admonition by the judge follows:
BY MR. HORAN: ... And then we just look at how they testify, their demeanor and whether what they're saying is making any sense. And then we put all these things together, and this is what y'all have got to do. You're going to have to put all that together and you've got to decide whether Mr. Gribble is telling the truth or whether the Defendant is telling the truth. I submit to you that she has every reason to be lying to you. They're going to get a divorce regardless of what happens here today if Mr. Gribble can ever find his file from his lawyer. We're going to try to find it. The Judge has already ordered it. We're going to get that file for him because he deserves a divorce.
Now, you know, you see this
BY MR. JONES: Judge, for the record, we object to that remark about the Court getting the file for him. I don't what [sic] that has to do with this case. That's an improper comment by the prosecutor.
BY THE COURT: All right. The jury will disregard that. That doesn't have anything to do with this case.
BY MR. JONES: For the record, we
BY THE COURT: Can everybody set that aside and not let that affect them? Anybody going to let that affect them?
BY MR. JONES: For the record, we move for a mistrial.
BY THE COURT: Okay. Go ahead, Mr. Horan.
¶ 14. We agree with the trial judge that the statement by the prosecutor was objectionable. However, since the trial judge effectively sustained the objection by instructing the jury to disregard the statement, the judge clearly cured any prejudice which may have arisen due to the comment. Furthermore, the judge asked the jury if they could proceed without letting that comment affect them, and the jury is presumed to have followed his instruction. After close scrutiny of this case we find that any prejudicial effect caused by the reference to the judge assisting the victim in receiving a divorce was cured by the trial judge's instruction to the jury to disregard the prosecutor's statement. Therefore, the trial court did not err in refusing to grant the motion for mistrial. This assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE CUSTODY OF THE DESOTO COUNTY JAIL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO DESOTO COUNTY.
*795 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.